[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2011
JOHN LEY
CLERK

No. 10-13682
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00101-RAL-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL PERNELL WESTON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 18, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

In March 2009 Michael Pernell Weston was indicted for four counts of bank

robbery in violation of 18 U.S.C. § 2113, and one count of carjacking, in violation

of § 2119.  He pleaded guilty to three counts of bank robbery and received an above-guidelines sentence of 240 months' federal imprisonment.  Weston raises two arguments on appeal.  First, he argues that the district court inaccurately calculated his sentence because it erroneously considered his state-court sentence for October 7, 2008 conduct to be a "prior sentence" when determining Weston's criminal history category.  Second, Weston argues that his sentence is procedurally and substantively unreasonable.  After careful consideration of the record and the parties' briefs on appeal, we affirm.

## 1.    Calculation of Criminal History Category

Weston argues that the district court erred by including his state-court sentence for an October 7 bank robbery and carjacking[1] when determining his criminal history category.  Because Weston raises this argument for the first time on appeal, we review only for plain error.  *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  To establish plain error, a defendant must show that there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

---

[1] These offenses, which constituted Counts One and Two of the instant indictment, were dismissed pursuant to Weston's plea agreement.

Ordinarily, a sentencing judge should add three points to a defendant's criminal history category for each "prior sentence" of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a). But under § 4A1.2(a)(1), conduct that was part of the instant offense cannot be classified as a "prior sentence." Thus, Weston argues that his state-court sentence should have been excluded because it was based on conduct that is part of the "instant offense." We disagree. The first note in the commentary to § 4A1.2 defines "[c]onduct that is part of the instant offense" as that which is "relevant" to the instant offense under § 1B1.3. Section 1B1.3, in turn, when read together with § 3D1.2(d), operates to exclude a § 2B3.1 offense (robbery). Accordingly, Weston's state-court sentence for bank robbery is not "relevant conduct" to the instant offense, and is therefore correctly classified as a "prior sentence."

Notwithstanding the district judge's passing use of the phrase "relevant conduct," the district court did not err, much less plainly err, when considering Weston's prior state-court convictions when calculating his criminal history category. The district court was entitled to consider Weston's state-court sentence, along with the other 18 U.S.C. § 3553(a) factors, when determining his sentence.

2. *Substantive and Procedural Reasonableness*

3

Weston argues that his 240-month, above-guidelines sentence was inconsistent with the purposes set forth in § 3553(a), greater than necessary, and overly reliant on his prior state-court convictions. We disagree.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). First, we must determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the [sentencing] Guidelines range . . ., failing to consider the § 3553(a) factors . . ., or failing to adequately explain the chosen sentence . . . ." *Id.* at 51. If we determine that the district court's decision was procedurally sound, we next consider the substantive reasonableness of the sentence imposed, taking into account "the totality of the circumstances." *Id.* We may not presume that a sentence outside the guidelines range is unreasonable and generally must defer to the district court's decision that the § 3553(a) factors justify the extent of the variance. *See United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc), *cert. denied* 2011 WL1225730 (2011). A district court shall impose a sentence that is sufficient, but not greater than necessary. *See* § 3553(a)(2) (listing relevant factors for district court's consideration). Although a district court's unjustified reliance on any one § 3553(a) factor can indicate an unreasonable sentence, *United States v. Pugh*, 515

4

F.3d 1179, 1191 (11th Cir. 2008), a district court is free to attach "great weight" to one factor over others. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009), *cert. denied*, 129 S. Ct. 2847 (2009). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of both the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Weston has failed to establish that his sentence was procedurally or substantively unreasonable. As explained *supra*, the district court properly considered Weston's previous state-court sentence when calculating his federal jsentence. Further, after hearing from the parties, the district court adequately explained why the § 3553(a) factors militated in favor of an above-guidelines range sentence. The district court did not abuse its discretion when it focused on Weston's extensive criminal history, including the conduct underlying Weston's state-court sentences, in deciding to vary upward. The district court considered Weston's arguments for mitigation and allocution, and was then free to weigh the statutory factor of criminal history more heavily than others. Weston's sentence was not greater than necessary, because as the district court explained, the circumstances of this case "cry out for a sentence in excess of" the guidelines range.

Accordingly, Weston's challenge to the procedural and substantive reasonableness of his sentence fails.

**AFFIRMED.**